UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK DALE DIGGES, | § | |
| | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2136 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Frank Dale Digges (TDCJ #473881) is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a petition under 28 U.S.C. § 2254, seeking federal habeas corpus relief from a prison disciplinary conviction. (Docket No. 1.) After reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts the Court concludes that this case must be dismissed for reasons set forth below.

I.    BACKGROUND

Petitioner states that he is presently incarcerated pursuant to a judgment entered against him in January of 1988, in the 339th District Court of Harris County, Texas. TDCJ records show that Petitioner was convicted of aggravated robbery with a deadly weapon and was sentenced to life in prison. TDCJ Website.[1] The conviction was affirmed on appeal. *See Digges v. State*, No. A14-88-00151-CR, 1989 WL 19263 (Tex. App. ─ Houston Mar. 9, 1989, pet. ref'd).

Petitioner does not challenge his underlying conviction here. Instead, he challenges the result of a prison disciplinary proceeding at the Wynne Unit in Huntsville, Texas, where he

---

[1] www.offender.tdcj.state.tx.us (viewed July 29, 2014).

currently resides.[2]  According to the petition, an administrative hearing officer found Petitioner guilty on October 3, 2013, in disciplinary case number 20140030128, of assaulting a correctional officer.  (Docket No. 1 at 5.)  As a result of this disciplinary conviction, Petitioner received forty-five days commissary restriction, forty-five days cell restriction, spent fifteen days in solitary confinement and forfeited 300 days of previously earned credit for good conduct (*i.e.*, "good-time credit").  (Id.)  The conviction and punishment were upheld following a rehearing on November 12, 2013.  (Id.)  Petitioner filed a Step 1 and Step 2 grievance to challenge the disciplinary conviction, but his appeal was unsuccessful.

In several related grounds for relief, Petitioner contends that he is entitled to a federal writ of habeas corpus because he was denied due process during his disciplinary proceedings. Petitioner further alleges that correctional officers conspired to oppress Petitioner and violate his civil rights.  Even accepting Petitioner's claims as true, however, Petitioner is not entitled to habeas corpus relief for reasons discussed in more detail below.

## II.     PRISON DISCIPLINARY PROCEEDINGS

Petitioner in this case seeks a federal writ of habeas corpus to challenge a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions.  The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").  Thus,

---

[2]  Because the Wynne Unit is located within the Southern District of Texas, this Court has jurisdiction over the petition.  *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

to prevail on his request for federal habeas corpus relief Petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has held that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a

protected liberty interest in the good-time credits that they have earned. *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).

Applying this framework, the Court must determine whether any of the sanctions imposed against Petitioner implicate the Due Process Clause.

### A. Miscellaneous Sanctions

As a result of his disciplinary conviction, Petitioner complains that he spent fifteen days in solitary confinement, was held at a Line 3 classification status, and received forty-five days of cell and commissary restriction. (Docket No. 1 at 5.) According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that adjustments to a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996). Because these sanctions do not implicate a protected liberty interest, Petitioner cannot show that he is entitled to habeas corpus relief from these particular forms of punishment.

B.     Loss of Good-Time Credits

As a result of his disciplinary conviction, prison officials also revoked 300 days of Petitioner's previously earned good-time credit. (Docket No. 1 at 5.) A challenge to the loss of good-time credits ordinarily requires a separate analysis. *See Madison*, 104 F.3d at 768. In this instance, however, the analysis will be brief. Petitioner, who is serving a life sentence for aggravated robbery, concedes that he is not eligible for early release on mandatory supervision based on his life sentence. (Id.) This is fatal to his due process claims. *See Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit); *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (holding that a Texas inmate serving a life sentence is not eligible for mandatory supervision and, therefore, has no constitutionally protected interest in such release).

Because Petitioner is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole.[3] It is well established that there is no protected liberty interest in obtaining parole in Texas. *See Madison*, 104 F.3d at 768-69; *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). In other words, because Petitioner has no constitutional right to parole, and he is not eligible for early release on mandatory supervision, his good-time credit revocation does not affect the length or duration of his confinement and does not implicate a liberty interest of the sort protected by the Due Process Clause. *See Madison*, 104 F.3d at 768-

---

[3] Under Texas law, good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995).

69. Accordingly, Petitioner cannot demonstrate a violation of the Due Process Clause in connection with this sanction. *See id.*; *see also Arnold*, 306 F.3d at 279.

In sum, because the sanctions assessed against Petitioner do not implicate a protected liberty interest, his claims concerning his disciplinary conviction fails to establish a basis for federal habeas corpus relief as a matter of law. Absent an allegation that Petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, Petitioner's application for writ of habeas corpus must be dismissed.

III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, (the "AEDPA), codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Petitioner has stated a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability will not issue in this case.

IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's application for writ of habeas corpus (Docket No. 1) is DENIED.

2. This case is DISMISSED with prejudice for failure to state a claim.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 5th day of August, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE